UNITED STATES FIRE INSURANCE COMPANY *v.*
UNIVERSAL BROADCASTING CORPORATION.

4-6940                                      168 S. W. 2d 191

Opinion delivered January 25, 1943.

*Rowell, Rowell & Dickey,* for appellant.

*Bridges, Bridges & Young,* for appellee.

CARTER, J. This is a suit upon a fire insurance policy for damages caused by fire to the radio apparatus in a broadcasting station owned by appellee. The defendant insurance company moved the court to direct a verdict in its favor. The court overruled this motion, there was a verdict and judgment for the plaintiff, and the defendant appeals. The sole question presented here

116

is whether the trial court erred in refusing to direct a verdict for the defendant insurance company.

The appellant has abstracted only such parts of the record as bear upon the question presented. The appellee argues that the judgment below should be affirmed because of the appellant's alleged failure to comply with Rule IX of this court. The appellant has complied with Rule IX. The record is voluminous. By far the larger part of it does not bear upon the question presented here. Appellant has carefully and fairly abstracted all portions thereof which affect this appeal, and has thereby shown appropriate consideration for the demands upon the time of this court.

The policy insured the machinery, equipment, etc., of the broadcasting station against loss from damage by fire. The policy contained the following exception, known as the Electrical Exemption Clause:

"It is a special condition of this policy that this company shall not be liable for any loss or damage to dynamos, . . . radio apparatus and other electrical appliances or devices, caused by electrical currents whether artificial or natural (including lightning), and will be liable (if covered by this policy) only for such loss or damage to them as may occur in consequence of fire outside of the machines, appliances or devices themselves."

A part of the equipment of the broadcasting station was what was referred to by the witnesses as a "transmitter." This consisted of a metal cabinet five or six feet high and containing six shelves or racks in and on which many of the items needed to broadcast were assembled and connected together. There were tubes, coils, chokes, condensers, resisters, modulators, amplifiers, and many other separate parts so assembled together, the total running into hundreds. The regulations of the F. C. C. require that these items be assembled together and enclosed within a metal cabinet. It may be compared to that part of an ordinary radio receiving set known as the "receiver," being the box wherein are contained the circuits, condensers, coils, etc., and to which

the antenna, power supplies, loudspeaker, control knobs, etc., are connected.

For the purposes of this opinion, it may be stated that the fire began somewhere in the lower part of this cabinet, thereafter sweeping all through it and coming out of the cabinet on all sides. The cause of the fire is unknown. There was no evidence which would have compelled the jury to find that the fire or the loss or damage was caused by electrical currents whether artificial or natural.

It is the decision of this court that the electrical exemption clause above quoted excludes from the cover-age of the policy only such loss or damage as is caused to radio apparatus (and the other appliances described in the clause) by electrical currents artificial or natural (including lightning); and that the second part of the clause—"and will be liable . . . only for such loss or damage to them as may occur in consequence of fire outside of the machines, appliances, or devices themselves"—is not meant to limit further the liability of the insurer, but is a mere explanation. The Texas court, in the case cited below, seems to have reached a similar conclusion. It is here held that this electrical exemption clause will exempt or excuse the insurer only where it is shown that the damage was caused by an electric current. In this case, although it may be fairly certain that the fire was inside the cabinet and although we may treat the cabinet as a radio apparatus, the fact that the fire was inside the radio apparatus will not exempt the insurer under this exemption clause unless it is shown that the loss or damage was caused by electric currents, artificial or natural.

It is also here held that the burden is on the insurer to show that the loss or damage was caused by such an electrical current.

There is no positive testimony as to the cause of the fire which would have compelled the jury to find that the loss or damage was caused by electrical currents. Consequently the court did not err in refusing to direct

a verdict for the appellant and the judgment will be affirmed.

Counsel have found but one similar case. That is the case of *Fidelity-Phoenix Fire Insurance Company* v. *Two States Telephone Co.*, 289 S. W. 726, Texas Court of Civil Appeals at Texarkana (1926). There a fire was discovered inside a telephone switchboard and there was in the policy a substantially similar electrical exemption clause. There the lower court instructed the jury that the burden of proof was on the insurer to show by a preponderance of the evidence that the fire originated inside the switchboard, *and* was caused by an electrical current.

The Court of Civil Appeals held that, under the rule adopted in Texas, the exceptions which exempt the insurer from liability from certain conditions or causes are treated as a part of the general terms of the contract of insurance, that the matter thus presented is not defensive and that the burden of establishing liability is upon the party who asserts it. "According to their terms the policies sued on in this instance do not cover loss by fire of electrical appliances, or devices which carry currents of electricity, when the fire originates from the electric current."

It is to be noted that the Texas court laid no stress upon the fact that the fire when first seen was inside the switchboard. It said that if the fire was caused by over-heating the wires or cables, or by a "short," the loss would come within the exemption. It further said: "On the other hand, if the fire originated from some outside cause, as a discarded cigarette stub or a match, the loss would be one for which the appellants could be held responsible, although it originated inside the wooden cabinet." The judgment was reversed because of the error of the trial court in charging that the burden of proof was upon the defendant to show that the fire was caused by an electric current.

The rule in Arkansas as to the burden of proof is different from that in Texas, and it was upon the basis of the Texas rule as to burden of proof that the above case was decided.

In *Life and Casualty Insurance Company of Tennessee* v. *Barefield,* 187 Ark. 676, 61 S. W. 2d 698, this court said (page 679): "The rule appears to be that, when proof is made of damage apparently within a policy of insurance, the burden is on the insurer to show that the injury or damage was caused by an event from the occurrence of which the insurer had exempted itself from liability."

Other decisions of this court to the same effect are cited in the Barefield case, *supra.*

It thus appears that the Fidelity-Phoenix case is not authority to the contrary of the conclusions reached by this court. Except as to the burden of proof it appears to be in accord with the present decision of this court.

The decision of this court is that there was no error in refusing to direct a verdict for the defendant. This action of the trial court is the only alleged error complained of, and the judgment is affirmed.

The Chief Justice, Mr. Justice Holt and the writer do not agree to the conclusions reached by the Court.