WASHINGTON FIRE & MARINE INS. Co. *v.* RYBURN.

5-1489                                                     311 S. W. 2d 302

Opinion delivered March 24, 1958.

*Wilton E. Steed,* for appellant.

*George N. Holmes* and *George H. Holmes,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellee brought this suit against appellant, Washington Fire & Marine Insurance Company, to recover $328.78 alleged damages to his 1 ½ ton motor truck, under the terms of a collision insurance policy issued to appellee, plus the 12 per cent statutory penalty and a reasonable attorney's fee. Appellant's answer was a general denial of

any liability. A trial before the court, by agreement, resulted in a verdict in favor of appellee for the amount prayed, along with the statutory penalty and an attorney's fee of $100.00. From the judgment is this appeal.

The record reflects that appellee's employee on November 23, 1956, while driving appellee's truck along the highway, at an approximate speed of 45 miles per hour, encountered a slick place in the roadway, lost control of the truck, careened off the highway, hit a knoll causing the truck to bounce, went down an embankment and plunged into a ditch filled with water. The truck came to rest (without overturning) with the water over the front fenders, completely submerging the motor, with its front end lower than the rear slanting at an angle of about 45 degrees. The left front fender, front bumper and radiator were damaged, and the motor water soaked and almost completely ruined. The truck driver testified: "All the front end was under the water and the back end still sticking out." An automobile mechanic testified: "that the water damage to the motor would amount to $321.03" and estimates placed as much as $78.13 for damages to the truck other than water damage.

The insurance policy in question contained the following clause: "Coverage B-1—Collision or Upset: Direct and accidental loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile." Appellant says: "The question before this court is whether . . . driving into a ditch filled with water is a collision within the terms of the insurance policy." It appears that this court has not heretofore been called upon to construe a similar clause in an insurance policy where the fact situation is in effect similar to what we have here. It is a settled rule in this state (and appears to be the general rule elsewhere) that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer, who wrote the insurance contract, and any doubt as to the meaning of language used, should be resolved in favor of the insured. It is also well settled that exceptions and words

of limitations will be strictly construed against the insurer. Guided by the above rules of construction we hold that the damages to the truck here were caused by a collision of the truck "with another object" — here, the water in the ditch. Had the appellant intended to limit the extent of its above coverage when a collision occurred "with another object" it could easily have done so in unmistakable language.

The Supreme Court of Oregon in the case of *Ringo* v. *Auto. Ins. Co., of Hartford, Conn.*, 143 Ore. 420, 22 Pac. 2d 887, had before it for consideration and construction, the following clause in an insurance policy insuring the owner of an automobile against "direct loss or damage to the automobile described, caused solely by accidental collision with another object or by upset." In that case the insured's car, while being driven along a highway, skidded, went out of control and went over a bank into a river about 18 feet from the bank, where it settled down in the water. It was contended there: "that the policy did not cover accidents of the nature of the one here involved, its contention being that there must be a collision; that the damage to the automobile must result therefrom; and that the damage caused to this automobile by being plunged into the river and remaining there some hours does not come within the coverage of the policy." The court there held: "Headnote 4—Evidence that insured's automobile left road, plunged into waters of river, and sank to bottom thereof showed 'collision' with another 'object' permitting recovery under automobile collision policy" and in the body of the opinion used this language: "The authorities are not in entire harmony on the question of what constitutes a collision. The defendant, inasmuch as it was engaged in the business of writing insurance policies on automobile covering collisions, undoubtedly knew of the various interpretations placed upon similar provisions, and, had it intended to limit the extent of such coverage, it could easily have done so.

"There was, within the meaning of the policy, a direct loss or damage to plaintiff's automobile caused

solely by accidental collision with another object. Plaintiff testified positively that the car, while being driven along the highway, struck some object other than the roadbed. Even disregarding this evidence, the proof is that the car plunged into the waters of the Yamhill river and sank to the bottom of that stream. The incident of coming into contact with the water and the bed of the stream constituted a collision with another object.

" 'The weight of opinion is that water and land are objects within the meaning of the law of accident insurance policies, and an automobile which runs into either or both collides with an object.' *Simpson on The Law Relating to Automobile Insurance* 2d at page 26 1, Sec. 252.

" 'Water and land are objects — physical objects. They are not abstract or imaginary, but tangible, visible, concrete, and real, and may be perceived and apprehended by the mind. The understanding has knowledge of them. An insured automobile which runs into either water or land collides with an object.' Sunderlin on Automobile Insurance, p. 354, Sec. 711.''

Appellant earnestly contends that the policy, here, contained a comprehensive coverage clause covering water damage—, and since it is admitted appellee did not purchase this coverage, — he is not entitled to recover under *Coverage B*-1 above, since there was no collision with another object or upset of his truck. We do not agree. The comprehensive coverage clause provides: ''Coverage A — Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset: Any direct and accidental loss of or damage to the automobile except loss caused by collision of the automobile with another object or by upset of the automobile . . . Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset.'' If appellant (insurance company) had intended the language used in the comprehensive coverage clause above to be

used to restrict its liability under Coverage B-1 above, the same language could have been written into Coverage B-1 as a limitation of liability, and we find no such limitation of liability in Coverage B-1.

Having concluded that the policy here covered the damage to appellee's truck and that the trial court was correct in so finding, the judgment is affirmed. Appellee's attorney will be allowed here an additional fee of $50.