RIVERSIDE INSURANCE CO. OF AMERICA *v.* McGLOTHIN.

5-2093                                     332 S. W. 2d 486

Opinion delivered February 29, 1960.

*Pope, Pratt & Shamburger, By*: *Richard L. Pratt,* for appellant.

*Griffin Smith,* for appellee.

ED. F. McFADDIN, Associate Justice. The question presented is, whether the insurance company, pleading an exception clause, has proved facts, in support of the exception, with such sufficiency as to entitle the insurance company to an instructed verdict. The Lower

Court answered the question in the negative and rendered judgment in favor of the insured, McGlothin (plaintiff below), against the insurer, Riverside Insurance Company (defendant below), for $300.00 plus interest, penalty, and attorneys' fees. Such judgment is challenged by this appeal.

Riverside[1] issued to McGlothin an insurance policy which insured the automobile and welding unit of McGlothin against loss or damage by fire. In the exclusion clause the policy provided: "This policy does not apply . . . (under fire coverage) . . . to any damage to the automobile which is due and confined to . . . mechanical or electrical breakdown or failure, . . . unless such damage is the result of other loss covered by this policy." The automobile was equipped with a welding unit, which had a gasoline driven machine and generator. While the policy was in force, the insured discovered flames coming from the welding unit. Prompt action extinguished the fire; but there was damage, which occasioned this litigation. The insured testified that he did not know what caused the fire. The welding unit and generator was taken to an electrical company for purposes of repair, and the owner of the electrical company testified for the plaintiff that the inner poles of the generator were burned. On cross examination this occurred:

"Q. Mr. Brown, you say the poles were burned. Actually in this motor, constituting the motor are four magnetic fields setting around the generator proper?

A. Right . . .

Q. What was the cause of this fire?

A. Well, the only cause I could find would be a short in the winding.

Q. Electrical short in the wiring and setting of the fire. If the electrical short had occurred in the generator proper you know where the short was?

---

[1] There was a floating policy issued by another insurance company, but that policy was only for damages in excess of the Riverside coverage and the liability of the other insurance company passed out of the case.

A. Not exactly because I never tore it down to check it . . .

Q. Now you don't know whether the short might have been in the armature or in the fields?

A. I wouldn't know until I tore into it and find out . . .

Q. The electrical short caused the main part of the damage?

A. Right.''

Riverside called no witnesses; and the Court rendered judgment for the plaintiff. On appeal, Riverside urges one point: ''The judgment is contrary to the law and the facts''. The case was tried before the Court, sitting as a jury, so the point urged by Riverside is equivalent to saying that an instructed verdict should have been declared for the defendant.

The rule is well established in this jurisdiction that when an insurance company claims that it is not liable on its policy because of some exception or exclusion against coverage, then the burden is on the insurance company, not only to plead the exception, but also to prove facts that bring it within the exception. In *U. S. Fire Ins. Co.* v. *Universal Broadcasting Corp.,* 205 Ark. 115, 168 S. W. 2d 191, we quoted from *Life & Cas. Ins. Co.* v. *Barefield,* 187 Ark. 676, 61 S. W. 2d 698:

'' 'The rule appears to be that, when proof is made of damage apparently within a policy of insurance, the burden is on the insurer to show that the injury or damage was caused by an event from the occurrence of which the insurer had exempted itself from liability.' ''

In the case at bar, Riverside pleaded the exception as previously copied; and enough testimony was introduced to make a fact question as to whether the fire loss was within the exception. But the insurance company, in claiming that it was entitled to a directed verdict—as it here does—had the additional burden of establishing facts within the exception with such complete

definiteness that there was no fact question for decision. The insured proved the fire and testified that he did not know what caused it. The witness Brown stated that he did not dismantle the generator to check for the cause of the fire; and no testimony was offered to show that a fire did not cause the generator to develop a short.

To summarize, the exception was not proved by the insurance company with sufficient certainty to require a fact finding in its favor. Therefore, the Circuit Judge, sitting as a jury, had the right to find that the insurance company had failed to sufficiently prove the pleaded exception.

Affirmed.