The AETNA CASUALTY AND SURETY COMPANY, Appellant,

v.

William T. STOVER, Appellee.

No. 17367.

United States Court of Appeals
Eighth Circuit.

Feb. 4, 1964.

Phillip Carroll, Little Rock, Ark., made argument for appellant and filed brief with counsel, Rose, Meek, House, Barron, Nash & Williamson, Little Rock, Ark.

C. Richard Crockett, Little Rock, Ark., made argument for appellee and filed brief with W. S. Miller, Jr., Little Rock, Ark., and counsel, Eichenbaum, Scott & Miler, Little Rock, Ark.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and DAVIES, District Judge.

RONALD N. DAVIES, District Judge.

On June 6th, 1961, a boat with an inboard motor in excess of fifty horsepower was being operated by William T. Stover on Lake Hamilton, Garland County, Arkansas. After having fueled the boat at the Lake Hamilton Marine Service Dock, Stover started the motor and drew away from the dock. After traveling a distance of some sixty yards, the motor died. While Stover was attempting to

start it, an explosion occurred and the boat burned. As a result of the fire, seven passengers, in addition to Stover, suffered personal injuries.*

Three actions were filed in the courts of the State of Arkansas against Willis P. Coleman doing business as Lake Hamilton Marine Service and Morgan Agar, a Coleman employee. Two of the actions were filed by or on behalf of the injured passengers while the third was filed by Stover. All the complaints alleged negligence by Agar in fueling the boat. The two actions instituted by the passengers were consolidated and the complaints amended to include William T. Stover and William T. Stover Company, Inc., as parties defendant, alleging willful and wanton negligence.

Aetna Casualty and Surety Company which had previously issued a personal liability policy to William T. Stover covering the period, April 14, 1959, to April 14, 1962, was notified of the pending litigation but denied coverage. William T. Stover thereupon commenced an action in the United States District Court for the Eastern District of Arkansas, Western Division, seeking a declaratory judgment that Aetna was liable under the terms of its policy. The District Court found for Stover and Aetna has perfected this appeal.

An exclusion contained in the policy and relied upon by Aetna in denying coverage provided that:

"This policy does not apply:

\* \* \* \* \* \*

"(b) Under coverages A and B to the ownership, maintenance, operation, use, loading or unloading of \* \* \* (2) watercraft owned by or rented to an Insured, while away from the premises if with inboard motor power exceeding fifty horsepower. \* \* \*",

it being Aetna's contention that the boat which was being operated by William T. Stover at the time of the explosion and resultant injury was either "owned by" or "rented to" the insured.

The boat in question had been purchased in 1958 with corporate funds by William T. Stover, Inc., of which William T. Stover owned 48 of the 50 shares of capital stock. Substantial evidence was presented by Aetna in an attempt to establish that William T. Stover was either the actual or equitable owner of the boat or had rented it from the company. We do not feel a detailed summary of the evidence necessary. The Trial Court held that William T. Stover was not the owner of the boat, refused to disregard the corporate entity and found that William T. Stover had not rented the boat.

Terms such as "owned" or "owner" are subject to different meanings in different contexts. Cf. Blumenfield v. United States, 8 Cir., 306 F.2d 892; Blau v. Lamb, 2 Cir., 314 F.2d 618.

It is well settled that when any provision of an insurance policy is subject to more than one reasonable interpretation, the interpretation favoring the insured is adopted since the insurer authors the contract. Prudential Insurance Company of America v. Barnes, 9 Cir., 285 F.2d 299; Washington Fire & Marine Insurance Company v. Ryburn, 228 Ark. 930, 311 S.W.2d 302. It is also well settled that exceptions and words of limitations will be strictly construed against an insurer, Washington Fire & Marine Insurance Company v. Ryburn, 228 Ark. 930, 311 S.W.2d 302; and if a reasonable construction can be placed on the contract that would justify recovery, it is the duty of the court so to construe it, Traveler's Indemnity Company v. Hyde, 232 Ark. 1020, 342 S.W.2d 295.

The question of the weight of the evidence was for the Trial Court, and we may not disturb its findings unless they cannot be sustained upon any rational view of all of the evidence, including all reasonable inferences of which it is susceptible. The conclusion of the

---

* For a detailed discussion of the background facts see St. Paul Fire & Marine Insurance Company v. Coleman, D.C., 204 F.Supp. 713; Aff'd., 316 F.2d 77, (8 Cir., 1963).

Trial Court that the corporation "owned" the boat was, in our view, a reasonable one and sustained by the evidence.

 Conditions under which the corporate entity may be disregarded or the corporation looked upon as the alter ego of the principal stockholder vary according to the circumstances of each case. The doctrine is founded in equity and is applied only when the facts warrant its application to prevent an injustice. We do not feel this situation exists in the instant case.

William T. Stover Company, Inc., for some years prior to 1958, when it acquired the boat here involved, maintained several other boats on the lake. Until 1956 the corporation had charged all the depreciation and operating expenses of the boats off as a reasonable and ordinary business expense on its corporate Federal income tax returns. In William T. Stover Company, Inc., v. Commissioner of Internal Revenue, 1956, 27 T.C. 434, the Tax Court affirmed the Commissioner's determination that the corporation could only deduct one-half of the boat's depreciation and operating expenses as a portion of the boat's use was attributable to Stover personally. Subsequent to this decision, on advice of counsel and accountants, the corporation deducted only one-half of the boat's depreciation and operating expenses and charged the remainder to William T. Stover's personal account. In 1961, the year the boat burned, the corporation deducted as a reasonable and necessary business expense all the depreciation and operating expenses of the boat.

 Aetna takes the position that since the corporation charged Stover on its books with one-half of the depreciation and operating expense of the boat, Stover was in effect renting the boat. The Trial Court rejected this theory, holding that the term "rented" referred to the conventional renter-rentee relationship and that this relationship did not exist between Stover and the company. We think in this respect a permissible conclusion was reached by the Trial Court.

 When an insurance company claims that it is not liable on its policy because of some exception or exclusion with respect to coverage, the burden is on the insurance company to prove facts that bring it within the exception or exclusion. Riverside Insurance Company of America v. McGlothin, 231 Ark. 764, 332 S.W.2d 486. Aetna has failed to meet this burden.

In the light of the circumstances of this case we cannot say that the Trial Court's award of $3,800.00 against Aetna for attorney fees made pursuant to Ark. Stat.Ann., § 66–3239, is unreasonable. No additional attorney fees will be awarded appellee on this appeal.

The judgment of the District Court is Affirmed.

VAN OOSTERHOUT, Circuit Judge (dissenting).

I respectfully dissent. I cannot agree that the policy exclusion denying coverage with respect to watercraft "owned by or rented to the insured" is ineffective under the facts of this case. If the exclusion were limited solely to ownership, I could go along with the ambiguity determination and agree that such word might be narrowly interpreted and that under such interpretation the facts would support a finding that Stover was not an owner. I also agree that a situation is not presented requiring the piercing of the corporate veil.

However, the use of the word "rented" in connection with the word "owned" leads me to believe that the parties intended the word "owned" to be used in a broader sense.

Additionally, I cannot acquiesce in the conclusion that "rented" as used in context here can reasonably be construed to exclude Stover as a renter of the boat. Stover under the undisputed evidence paid the corporation one-half of the cost of maintenance and depreciation with respect to the boat in the following amounts: 1958—$411.56, 1959—$741.15, 1960—$1515.71. These payments represent a substantial consideration paid for

the right to use the boat for personal purposes when it was not being used for business purposes. Such payments appear to meet all standard definitions of rental, including the definitions set out by the trial court.

I know of no requirement that rent be in a fixed, stated dollar amount or that rental be profitable or that it operate only in situations where the lessor is engaged primarily in the rental business. In my view, the trial court's statement that the renter relationship applies in such situations "when a person goes to a boat dock and rents or hires a boat belonging to another" is much too restrictive.

I place no significance upon the fact that plaintiff during 1961, the accident year, paid no part of the boat expenses. The record fairly shows that such action was taken upon the advice of the attorneys given after the accident. There is no evidence to show any change of arrangements in 1961 with respect to the use of the boat.

Plaintiff used the boat at times for personal purposes. If the substantial payments he made for upkeep and depreciation were not by virtue of part ownership or by way of rental, what purpose could possiby exist for making the payments?

While the rule requiring construction of ambiguous insurance policies liberally in favor of the insured has been frequently applied, such rule does not authorize a perversion of language to create an ambiguity. See Cass Bank & Trust Co. v. National Ind. Co., 8 Cir., 326 F.2d 308 (1/14/64). I believe that the payments made by Stover constitute rent under any reasonable definition of the word "rent".

Inasmuch as plaintiff urged the exclusion did not apply whether the boat was being used for company business or Stover's pleasure, and the court upheld such construction, no finding was made with respect to the nature of the use of the boat at the time of the accident. There is much to indicate that the boat was being used for personal purposes. If there is any serious question upon this issue, such issue should be resolved by the trial court.

I would reverse.