MILWAUKEE INS. CO. *v.* WADE.

5-3346                                        383 S. W. 2d 105

Opinion delivered October 26, 1964.

*Victor Hlavinka,* for appellant.

*Autrey & Goodson,* for appellee.

FRANK HOLT, Associate Justice. The appellee brought this action against the appellant to enforce the provisions of an insurance policy covering appellee's registered quarter- horse [Tom Ike]. The issues were presented to the trial court, sitting as a jury, and it found that the death of the horse was made necessary because of injuries received in a collision of the vehicle in which the horse was being transported. The trial court awarded judgment for $1,000.00, the face amount of the policy, plus the statutory penalty and an attorney's fee.

For reversal the appellant urges several points which he ably summarizes by stating: "The only question presented on this appeal is whether the evidence will support the Trial Court's finding that the vehicle in which the insured quarter horse was being transported struck the shoulder of the road and/or collided with the embankment of the adjoining ditch."

The horse was in a two-horse trailer which was attached to a pickup truck owned and being driven by an individual who had borrowed the horse from appellee. The driver temporarily lost control of the truck trying to avoid striking a dog. The vehicle left the road and the front bumper struck the embankment of a roadside ditch before the driver, without stopping, was able to bring the vehicle back upon the highway. Then he stopped to investigate the condition of the horse since he had heard some noise in the trailer during the incident. The horse was found standing in the road favoring **his left hind leg**. Pins securing the hinges on the tailgate of the trailer were sheared. Later it became necessary **to destroy** the horse because of the leg injury received at the time of this accident.

The pertinent provisions in the Mobile Agricultural Equipment and Livestock Floater Policy reads as follows:

"2. b. This policy insures livestock against:

(1) Death or destruction, directly resulting from or made necessary by: (d) Collision ** of a vehicle on which the insured property is being transported; collision with other vehicles except those owned or operated by the Assured or by any tenant of the Assured;". The appellant argues that the pickup truck and the trailer were two separate vehicles and since "Tom Ike" was being transported on the trailer hitched to the truck and only the pickup truck struck the embankment, therefore, the collision was not with the vehicle [the trailer] in which the horse was being transported. We cannot agree with appellant's construction of the meaning and purpose of the policy in question. In *Aetna Life Ins.*

*Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. 2d 310, Mr. Chief Justice Hart aptly stated:

"Contracts of insurance should receive a *reasonable construction so as to effectuate the purposes* for which they are made. In cases where the language used is ambiguous, it should be constructed in favor of the insured because the policy is written on forms prepared by the insurer. Of course, legal effect should be given to all the language used, *and the object to be accomplished* by the contract should be considered in interpreting it." [Emphasis added.]

Also, see *American Fidelity & Casualty Co.* v. *McKee,* 198 Ark. 601, 130 S. W. 2d 12; *Importers' & Exporters' Ins. Co.* v. *Jones,* 166 Ark. 370, 266 S. W. 286; 29 Am. Jur., Insurance, § 305, p. 683. The obvious intention of the parties in the instant case was to insure this horse from death or destruction caused *by a collision while being transported.* It is undisputed that the insured quarter horse was being transported in a semi-trailer attached to the pickup truck which collided with a roadside ditch embankment. The trailer alone had no motive power and was incapable of transporting the horse without the pickup truck. We think that the trial court made a fair, reasonable, and sensible construction of the disputed terms of the insurance policy in question.

Another familiar rule is that any intent to exclude coverage should be expressed in unmistakable language and the burden to show an exclusion rests upon the insurance company to prove facts which bring it within the exception. *Riverside Ins. Co.* v. *McGlothin,* 231 Ark. 764, 332 S. W. 2d 486. A review of the record in this case does not reveal that the trailer or semi-trailer was so excluded.

It is well settled that the finding of a trial court, sitting as a jury, has the same verity and effect as that of a jury and, further, that we must affirm if there is

any substantial evidence to support it. In the case at bar we think there was ample evidence to sustain the finding of the trial court. A fee of $200.00 is reasonable for the services of appellee's attorney on this appeal.

Accordingly, the judgment is affirmed.