FINKBEINER *v.* THE FIRST PYRAMID LIFE INSURANCE CO. OF AMERICA.

5-3722                                                       397 S. W. 2d 130

Opinion delivered December 20, 1965.

*Eichenbaum, Scott & Miller,* for appellant.

*W. B. Brady,* for appellee.

PAUL WARD, Associate Justice. Christian E. Finkbeiner was killed April 1, 1964 when the private aircraft, which he was piloting at the time, crashed. At the time of his death the deceased was insured under Policy No. WG-162-4, issued by The First Pyramid Life Insurance Company of America (hereafter referred to as appellee), with his wife as the beneficiary.

On September 2, 1964 the deceased's wife, Dorothy Mae Finkbeiner (hereafter referred to as appellant),

filed suit against appellee to recover $30,000 under the terms of said policy. The policy provided life insurance coverage in the amount of $15,000 and it also provided accidental death benefits in the same amount.

In answer to the above complaint appellee admitted it owed appellant the sum of $15,000 for the *death* of her husband, but denied it owed her a like amount (or any amount) based on his *accidental death.*

The trial judge, sitting as a jury, found (from the pleadings, the exhibits, and the stipulation of facts) that appellee should pay appellant the sum of $15,000 (under the terms of the policy) for the *death* of her husband, but that nothing was due appellant ''by reason of the accidental death provisions in said policy. . . . .''

For a reversal, appellant's sole contention is that the trial court misconstrued the applicable provisions of the insurance contract as applied to the admitted facts. Therefore it is necessary to set out below the pertinent provisions of the insurance contract.

When originally issued that part of the policy relating to accidental death read:

''ACCIDENTAL DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS

If, during the continuance of this Policy, the Insured shall sustain bodily injury, solely by accidental means, which shall result directly and independently of all other causes in any one of the losses stated below, within 90 days of the date of accident, except for and subject to the date of accident, except for and subject to the exclusions and subject to the limitations provided hereinafter, the Company, upon receipt of due proof, thereof, will pay the sum set opposite the stated loss, but only one, the largest, of the sums, will be paid for losses resulting from one accident:

| For Loss of: | Amount Payable |
|---|---|
| Life | The Principal Sum |

''Exclusions.—The insurance with respect to Accidental Death, Dismemberment and Loss of Sight Benefits does

not cover: (1) Accident or loss caused or contributed to by (a) *bodily injury arising out of or in course of employment;* (b) bodily or mental infirmity, or as a result of medical or surgical treatment thereof; (c) ptomaines or bacterial infections, except only septic infections of and through a visible wound accidentally sustained; (d) suicide, or any attempt thereat, while sane or insane; (e) war or any act of war; or (f) *travel or flight in any aircraft, except as a fare-paying passenger on a licensed passenger aircraft provided by an incorporated passenger carrier on a regular flight between established airports . . . ."*; (Emphasis ours.)

Later the policy was modified as follows:

"This Supplementary Contract is Attached to and Forms a Part of Policy No. WG 162-4. Exclusions Under Accidental Death, Dismemberment, and Loss of Sight Benefits shall be amended by Deletion of line (a), 'Bodily Injury Arising out of or in course of Employment;' "

Appellant makes an ingenious argument which, in substance, is hereafter summarized. When the policy was first written it clearly excluded liability for any injury arising out of or in the course of the deceased's *employment;* this fact would have prevented recovery here because the deceased was an employee of the Little Rock Packing Company; when appellee struck out the above exclusion it knew the deceased was an employee; therefore appellee meant to pay for *any* injury to deceased occurring during his employment. At any rate, says appellant, the language used by appellee in its policy is ambiguous and therefore the construction placed on it should be most favorable to the insured.

We agree with appellant that if there is any ambiguity in the policy language here it should be construed as above suggested. We have many times announced this rule. See: *The Traveler Protective Association of America* v. *Sherry,* 192 Ark. 753 (p. 757), 94 S. W. 2d 713, and *St. Paul Fire & Marine Insurance Co.* v. *Kell,* 231 Ark. 193 (p. 195) 328 S. W. 2d 510. However, we are unable to see where any ambiguity exists in the case under con-

sideration here. In the case of *Aetna Life Insurance Company* v. *Spencer,* 182 Ark. 496 (p. 500), 32 S. W. 2d 310, we said:

"Contracts of insurance should receive a reasonable construction so as to effectuate the purposes for which they are made."

The above statement was cited with approval in *Milwaukee Ins. Co.* v. *Wade,* 238 Ark. 565 (p. 567), 383 S. W. 2d 105. Applying the above rule to the pertinent parts of the amended policy (as they apply only to the admitted facts of this case) the meaning, we think, becomes clear and unambiguous. That is: If the deceased "shall sustain bodily injury solely by accidental means . . . . resulting in death . . ." appellee "will pay the sum . . . of $15,000 . . ." HOWEVER "the insurance . . . does not cover" an accident or loss caused or contributed by . . . (f) travel or flight in any aircraft except a fare-paying passenger on a licensed passenger aircraft . . . ." It is conceded the deceased was not on a "passenger aircraft" when he was killed. It is hard to see how appellee could have used plainer language to say it would not be liable if Finkbeiner was killed while riding in a private plane.

In appellant's brief we find this statement:
"What is the purpose of an accident policy issued only to employees if not to protect against accidents in the course of employment? What meaning can an accident policy issued to employees have if it does not cover accidents in the course of employment?"

Our answer to the above question is that the policy did (by its terms) cover *any* kind of an accidental injury (to an employee) EXCEPT the kind in question. Appellant apparently overlooks the fact that there are many kinds of accidents—and that the policy covered all but one.

Affirmed.

JOHNSON, J., dissents.

1150

JIM JOHNSON, Associate Justice (dissenting). I do not agree with the majority view. As I understand the facts, the policy originally excluded accident or loss caused or contributed to by travel or flight in any aircraft, except as a fare paying passenger on a licensed passenger aircraft, but also excluded death due to bodily injury arising out of or in the course of employment.

By supplemental contract or amendment the exclusion of bodily injury arising out of or in the course of employment was removed.

Appellant filed suit claiming that under the circumstances the removel of the exclusion for death in the course of employment extended coverage of the accidental death benefits to any death of the insured caused or contributed to by bodily injury arising out of or in the course of his employment, whether caused or contributed to by travel or flight in a private aircraft.

It is conceded that this death arose out of and in the course of Chris Finkbeiner's employment.

Evidently this is a case of first impression in the United States on the exact question here involved.

In the absence of authority to the contrary it is my view that the specific removal (by separate rider) of the exclusion had the effect of specifically including in the amended policy the reverse of the removed language, thereby effectively making the policy read, "the company will pay for death arising out of or in the course of employment."

Treating the policy as being so worded and following the settled rule that an intent to exclude coverage should be expressed in unmistakable language, *Milwaukee Ins. Co.* v. *Wade,* 238 Ark. 565, 383 S. W. 2d 105, *Riverside Ins. Co.* v. *McGlothin,* 231 Ark. 764, 332 S. W. 2d 486, it is my conclusion that at least the policy in this case was made ambiguous by the amendment.

Having thus concluded, I would apply the universal rule that ambiguity in insurance policies is resolved in favor of the insured.

For the reasons stated I respectfully dissent.