Ted T. LYNCH and Ted H. Lynch,
Appellees,

v.

The TRAVELERS INDEMNITY COM-
PANY, Appellant.

No. 71–1142.

United States Court of Appeals,
Eighth Circuit.

Jan. 5, 1972.

James F. Dickson, Crouch, Blair, Cy-
pert & Waters, Fayetteville, Ark., for
appellant.

Walter B. Cox, Putman, Davis & Bas-
sett, Fayetteville, Ark., for appellees.

Before GIBSON, BRIGHT and ROSS,
Circuit Judges.

BRIGHT, Circuit Judge.

Ted T. Lynch and his son, Ted H. Lynch (hereinafter collectively referred to as the insured), as owners of a building which housed a roller skating rink in Siloam Springs, Arkansas, brought this action to recover for the destruction of the building, under a windstorm policy issued by defendant-appellant The Travelers Indemnity Company (Travelers). A jury returned a verdict for the insured in the sum of $15,975.50, and the district court after the trial denied Travelers' motion for judgment n.o.v. or for a new trial. Travelers then brought this appeal. Federal jurisdiction rests upon diversity of citizenship and the requisite amount in controversy. Travelers contends that the evidence is insufficient to sustain the verdict. Alternatively, Travelers seeks a new trial due to alleged errors in the jury instructions. We reject these contentions and affirm the trial court judgment.

Travelers' contract, by endorsement, insured the one-story brick building against "direct loss by windstorm." The contract also contained language applicable only to windstorm and hail which, as pertinent, provided that Travelers "[would] not be liable for loss caused directly or indirectly by frost or cold weather, or ice (other than hail), snow or sleet, whether driven by wind or not."

The loss in controversy occurred during the early morning hours of March 17, 1970. Travelers insists that the testimony established as a matter of law that the insured structure collapsed as a result of its structural weakness aggravated by snow accumulation on its roof, rather than a windstorm. Neither party, however, produced any eye witness to the incident. The insured presented several Siloam Springs residents who testified to personal observation of high winds in that locality during the night of March 16–17. These witnesses recounted, variously, howling wind, trees bending at the trunk, a wind sufficient in force to push a moving pickup truck sideways and to cause a house to shake. Travelers' defense rested upon testimony of experts in building construction who expressed opinions that the building had collapsed due to structural weaknesses and the added weight of accumulated snow on the roof. Travelers also introduced official records for the night in question from Weather Bureau reporting stations within a one hundred mile radius of Siloam Springs. These records showed no high winds. No reporting station was located in Siloam Springs to measure the actual wind velocity there.

■ We have reviewed the evidence in detail. Although Travelers presented a strong circumstantial case tending to show that no wind of storm velocity occurred on the night in question, we cannot say that the verdict lacks the support of substantial evidence. The jury was, of course, not bound by the opinion testimony of Travelers' expert witnesses, e. g., Dean Rubber Manufacturing Co. v. United States, 356 F.2d 161, 167 (8th Cir. 1966); Alexander v. United States, 271 F.2d 140, 146 (8th Cir. 1959); United States v. City of Jacksonville, Arkansas, 257 F.2d 330, 334–35 (8th Cir. 1958), and could have concluded from the evidence that the weather disturbance was both local in nature and of sufficient violence to cause the damage to the insured building.

■ The trial court in its Instruction No. 6 advised the jury of plaintiffs' right of recovery for windstorm loss which was "the dominant, direct and efficient cause of the loss to plaintiffs' [building]." [1]

---

1. The full instruction reads:

The policy insured the plaintiffs against direct loss by windstorm, but does not provide insurance for a loss caused directly or indirectly by snow or sleet, whether driven by wind or not.

The burden is upon the plaintiffs to prove by a preponderance of the evidence that the property was damaged by a windstorm, and while the policy contains no definition of windstorm, you are instructed that under the law, a

Travelers contends that the substantive law of Arkansas, which governs this diversity case, requires an insured, seeking recovery under a policy like the one here in question, to establish that the loss was caused "solely" by windstorm. Travelers cites Aetna Insurance Co. v. Owens, Ark., 276 S.W.2d 427 (1955), in support of this proposition, even though it concedes that no Arkansas case is specifically controlling. It is apparent from a reading of this *Aetna Insurance* case that the court there did not discuss or decide the issue presented to us by Travelers. In addition, appellee has directed our attention to numerous cases outside Arkansas in which courts have permitted recovery by an insured under similar policy provisions where the evidence only established the windstorm as the dominant and efficient cause of the loss, rather than the sole cause. These cases are collected at 93 A.L.R.2d 156–161. *See generally* 44 Am.Jur.2d, Insurance § 1793.

In the context of this case, we think that the trial court provided a proper framework for the jury to determine whether the skating rink blew down or collapsed due to its own structural weaknesses aggravated by accumulated snow on the roof. If the instruction could be deemed error under Arkansas law, the giving of it would not have prejudicially affected the substantial rights of the parties. The distinction between a force as a "sole cause" rather than as a "dominant, direct and efficient cause" seems very small and we deem it unlikely that a modification of the instruction as suggested by Travelers would have changed the jury's verdict in this case. We, therefore, sustain the trial court on this issue. *See, e. g.* Fed.R.Civ.P. 61; General Insurance Co. of America v. Hercules Construction Co., 385 F.2d 13, 24 (8th Cir. 1967); Lowe v. Taylor Steel Prod-

ucts Co., 373 F.2d 65 (8th Cir.), *cert. denied*, 389 U.S. 858, 88 S.Ct. 85, 19 L. Ed.2d 122 (1967); Jiffy Markets, Inc. v. Vogel, 340 F.2d 495 (8th Cir. 1965).

Travelers also claims that the trial court erred in giving Instruction No. 7, as follows:

The defendant contends that at the time the property was damaged there was not sufficient velocity of wind to cause the damage complained of, and that the damage to plaintiffs' property was caused and produced by reason of defective materials and construction and by an accumulation of snow on the roof of the building.

You are instructed that the burden is upon the defendant to prove that the damage to plaintiffs' property was caused and produced by reason of defective materials and construction or by snow which fell in such a manner that it accumulated on the roof and by its weight directly or indirectly caused the loss.

Appellant argues that this instruction, in effect, shifted to the insurer the burden of proving the cause of the damage, thus precluding a dismissal of the insured's suit if the jury had been unable to determine the cause of the loss.

This instruction must be read in conjunction with Instruction No. 5, which generally advised the jury that the party having the burden of proof on any proposition must establish that proposition by a preponderance of the evidence; and with Instruction No. 6, which cast upon the plaintiffs the burden of proving that their loss was attributable to a windstorm, i. e., a wind of sufficient violence to be capable of damaging the insured property by its own unaided action provided the property was in a reasonable state of repair at that time. Given the state of the pleadings in this case and

windstorm is defined as a wind which is of sufficient violence to be capable of damaging the insured property by its own unaided action provided that the property was in a reasonable state of repair at the time of the windstorm.

Therefore, if you find that a windstorm was the dominant, direct and efficient cause of the loss and damage to plaintiffs' skating rink and the equipment located therein, then your verdict will be for the plaintiffs.

the state of the evidence, we do not think that the trial court committed error in giving Instruction No. 7.

■ In avoidance of liability, Travelers affirmatively asserted that the loss in question was attributable to uninsured hazards "of defective materials in construction and . . . an accumulation of the snow on the roof of the building[.]" At the trial, the parties adopted an all-or-nothing approach to the case. The plaintiffs rested 'their proof on evidence establishing inferentially that the loss occurred as a result of a windstorm. The insurer offered evidence that no windstorm had occurred, and testimony that inherent defects in the building, plus the weight of snow on the roof, had produced the damage. Although the burdens of proof may have overlapped on this question of causation, we think the trial court properly applied the appropriate substantive rule of Arkansas to the burden of proof.[2]

■ Under Arkansas law a proviso in an insurance policy is deemed equivalent to an exception and that state has enunciated the following burden of proof rule:

> The rule appears to be that, when proof is made of damage apparently within a policy of insurance, the burden is on the insurer to show that the injury or damage was caused by an event from the occurrence of which the insurer had exempted itself from liability. [Life & Casualty Ins. Co. of Tennessee v. Barefield, 61 S.W.2d 698, 699 (Ark.1933)]

*Accord,* Riverside Insurance Co. of America v. McGlothin, 332 S.W.2d 486, 488 (Ark.1960); United States Fire Ins. Co. v. Universal Broadcasting Corp., 168 S.W.2d 191, 193 (Ark.1943); *See* Bankers Nat. Ins. Co. v. Hembey, 233 S.W.2d

637 (Ark.1950); and Southern National Ins. Co. v. Pillow, 177 S.W.2d 763 (Ark. 1944).

Finding no prejudicial error in the instructions and determining that substantial evidence exists to support the verdict, we affirm the judgment in this case.

---

2. In diversity actions, the burden of proof, as a substantive matter, is controlled by state law. Aetna Insurance Co. v. Getchell Steel Trading Co., 395 F.2d 12, 18, fn. 9 (8th Cir. 1968). *See, generally* 1A Moore's Federal Practice, ¶ 0.314 [2] (2d Edition).