Yvonne GIDEON, Appellant,

v.

**SERVICE LIFE AND CASUALTY INSURANCE COMPANY, Appellee.**

No. 875.

Court of Civil Appeals of Texas, Corpus Christi.

May 31, 1974.

Edward J. Ganem, Victoria, for appellant.

Sam R. Perry, Austin, for appellee.

## OPINION

YOUNG, Justice.

The controlling question in this case is: Was the pilot of a private aircraft at the time of his death "riding in" the aircraft within the meaning of an exclusionary clause of a credit life insurance policy? If he was "riding in" the aircraft, his widow is not entitled to recover the insurance proceeds. If he was not, she is.

Yvonne Gideon, as surviving widow of Johnny G. Gideon, sued Service Life and Casualty Insurance Company for payment of proceeds she alleged were due her by reason of the death of her husband. Upon an agreed statement of facts the trial court granted the insurance company's motion for summary judgment and denied Mrs. Gideon's motion for summary judgment. From that judgment Mrs. Gideon has appealed.

Johnny G. Gideon was instantly killed as a result of the crash of the private airplane which he was piloting. The accident occurred on March 28, 1973, in Victoria County, Texas. At the time of his death Johnny Gideon was an insured debtor under a group life insurance policy with the appellee insurance company, such policy being reflected in Certificate No. 419108. The insurance contract in question was in the two year contestable period, having been issued February 2, 1973, and it was in full force and effect at the time of the death of the insured, Johnny G. Gideon, subject to the following:

"EXCEPTIONS, LIMITATIONS AND EXCLUSIONS

3. The insurer has no liability hereunder during the two year contestable period of this certificate, except the return of premiums paid, if death of the Insured Debtor results from . . .

(b) bodily injuries sustained as a result of riding in or descending from any kind of aircraft, except as a fare paying passenger on a regularly scheduled passenger flight of commercial aircraft. . . ."

It was stipulated by the parties that the insured was not a "fare paying passenger on a regularly scheduled passenger flight of commercial aircraft."

The appellee has heretofore tendered to appellant the return of all premiums paid for the certificate in question. The appellant refused the payment and thereafter brought this suit.

In her sole point of error the appellant asserts that the trial court erred in granting appellee's motion for summary judgment in that Gideon, pilot of the airplane, was not excluded as a matter of law by the exclusionary language of the insurance policy.

■■■ Where an ambiguity exists in an insurance contract, the contract will be construed most strongly against the insurer. And once the ambiguity exists, the insured, to recover, needs only to offer a reasonable interpretation of the language in question. Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953).

Appellant argues that the language of paragraph 3(b) is ambiguous. It mentions "riding in" and "passenger" in the same subsection. This would seem, reasons the appellant, to speak to the status of the individuals riding in a private airplane. The pilot is actively engaged in operating the plane as opposed to "riding in" or merely traveling as a passenger. As authority for her urged difference between pilot and passenger the appellant cites Paul Revere Life Ins. Co. v. First National Bank in Dallas, 359 F.2d 641 (5th Cir. 1966); United Services Life Insurance Company v. Delaney, 358 F.2d 714 (5th Cir. 1966); Continental Cas. Co. v. Warren, supra.

In *Paul Revere*, it was held that the pilot of a civilian plane was not a "passenger" within policies excepting death re-

sulting from flight in aircraft except as passenger on civilian plane. The insurance company prevailed. No ambiguity was found to exist.

In *United Services Life*, it was held that the pilot of an Army airplane was not a "passenger" within a policy excluding coverage except death resulting from traveling as a "passenger" in aircraft owned and operated by United States Government. The insurance company there prevailed. Again no ambiguity was found to exist.

In *Continental Casualty*, it was held that the term "passenger" was used within a policy in the sense of "occupant" and that the pilot, an occupant, was not excluded; that the risk coverage in that particular policy did not exclude the pilot. The beneficiary prevailed. Ambiguity was found to exist.

In *Paul Revere, United Services Life* and *Continental Casualty* the courts were pondering whether a pilot was a "passenger" in a plane. In our case the question is whether a pilot was "riding in" a plane.

The appellee contends that the term "riding in" is clear and unambiguous. If that be so, there is no occasion for invoking rules of construction by the court, and the language must be given its plain meaning. General American Indemnity Company v. Pepper, 161 Tex. 263, 339 S.W.2d 660 (1960). So, the resolution of our case brings us to the question of whether an ambiguity exists.

We agree with the holding in a recent case before the Supreme Court of Arkansas. That court was faced with an exclusionary clause which read as follows:

"Exclusions.—The insurance . . . does not cover: (1) Accident or loss caused or contributed to by . . . (f) travel or flight in any aircraft, except as a fare-paying passenger on a licensed passenger aircraft provided by an incorporated passenger carrier on a regular flight between established airports. . . ."

The court held this clause unambiguous and denied a claim for accidental death benefits by the widow of the insured who was piloting a private airplane at the time of his death. In the words of that Court:

". . . It is hard to see how appellee could have used plainer language to say it would not be liable if Finkbeiner was killed while *riding in* a private plane." (Emphasis supplied.)

Finkbeiner v. First Pyramid Life Insurance Company of America, 239 Ark. 1146, 397 S.W.2d 130, 132 (1965).

We hold that the term "riding in" is unambiguous and should therefore be given its plain and usual meaning; that the term encompasses the physical act of being within the aircraft for the purpose of flying; that the term does not draw any distinction to those found within the aircraft; that the pilot-passenger distinction applies only to those flying in commercial aircraft. The appellant's point of error is overruled.

The judgment of the trial court is affirmed.