CANAL INSURANCE COMPANY *v.* Jim ADAMS *d/b/a*
Adams Trucking and DeWitt Bank & Trust

CA 00-301                                         37 S.W.3d 677

Court of Appeals of Arkansas
Division III
Opinion delivered February 14, 2001

*Matthews, Sanders, & Sayes,* by: *Doralee Idleman Chandler* and
*Roy Gene Sanders,* for appellant.

*Gibson & Hashem, P.L.C.,* by: *Hani W. Hashem,* for appellee.

TERRY CRABTREE, Judge. This is an appeal from the Arkansas County Circuit Court's decision to grant summary judgment in favor of the appellee, Jim Adams, and to deny summary judgment to the appellant, Canal Insurance Company. The facts in this case were stipulated to by the parties. In March 1996, appellee was traveling in New Mexico pulling a 1988 Cornhusker trailer. The trailer was loaded with twenty-five tons of pot ash. After traveling about fifteen miles, appellee approached a set of railroad tracks. Appellee traversed the railroad tracks, and as a result sustained damages to the trailer. Appellee filed a proof of loss for the damage to his trailer under the collision provision of his insurance policy. Appellant had issued an insurance policy to appellee providing coverage to the 1988 Cornhusker trailer. The policy covers physical damage caused by collision. Collision is defined in the policy to mean "collision of a covered automobile with another object." The trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment, finding that coverage was mandated in this case.

At issue is the policy provision defining collision as "collisions between a covered automobile and another object." More specifically the issue in this case is whether or not a collision with another object occurs when a covered automobile is traversing a set of railroad tracks. Appellant argues that no coverage exists as no collision occurred between the trailer and another object. We disagree, and thus affirm.

■ Where the parties have agreed that there is no genuine issue as to any material fact we determine whether the appellee was entitled to judgment as a matter of law. *City of Little Rock v. Pfeifer*, 318 Ark. 679, 887 S.W.2d 296 (1994). We will not reverse the trial court's ruling unless the court's findings are clearly erroneous. *Grayson v. Bank of Little Rock*, 334 Ark. 180, 971 S.W.2d 788 (1998). A trial court's finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Ouachita Trek & Dev. Co. v. Rowe*, 341 Ark. 456, 17 S.W.3d 491 (2000).

In *Washington Fire & Marine Ins. Co. v. Ryburn*, 228 Ark. 930, 311 S.W.2d 302 (1958), the Arkansas Supreme Court upheld coverage where the insured's truck, because of a slick place in the road, careened off the highway and into a ditch filled with water. The

supreme court found that there was a collision with another object within the policy provision authorizing recovery for "[a]ny direct and accidental loss caused by collision of the automobile with another object or by upset of the automobile." *Id.* at 933, 311 S.W.2d at 305. At issue was whether the truck collided with an object. The court found that the truck had collided with another object, the water in the ditch. *Id.* at 934, 311 S.W.2d at 305.

■ The Arkansas Supreme Court, quoting from *Blashfield-Automobile Law and Practice*, Volume 7, § 312.4, p.487, has defined "object" as "any tangible thing, visible or capable of discernment by the senses, which offers an impediment or resistance to another object." *New Hampshire Ins. Co. v. Frisby*, 258 Ark. 39, 43, 522 S.W.2d 418, 420 (1975). In *Frisby*, the supreme court found that coverage existed when a bulldozer struck a protruding valve which protruded above the ground 10-14 inches. *Id.* It was found that coverage existed under the provision covering collision with an object. *Id.*

■■ On the facts of the case at bar, we hold that under the definition of object provided for us in *Frisby*, appellee's trailer collided with another object, *i.e.* the railroad tracks. The tracks were a tangible object that offered an impediment to the trailer. Therefore, the railroad tracks were an object with which appellee's trailer collided. "Courts must give effect to the plain wording of an insurance policy according to the ordinary meaning of its terms where the language is unambiguous." *Phelps v. U.S. Life Credit Life Ins. Co.*, 336 Ark. 257, 261, 984 S.W.2d 425, 428 (1999). This case centers around the interpretation given to the policy provision defining collision to mean "collision of a covered automobile with another object." In giving effect to the plain wording of the insurance policy we hold that the damage to the trailer was occasioned by a collision with an object, and the loss is thus covered under the collision provision of the policy.

Affirmed.

HART and JENNINGS, JJ., agree.