MODERN MACHINERY COMPANY, a corporation of the State of DELAWARE, d. b. a., *vs.* CLIFTON A. PERKINS, p. b. r.

1. WITNESSES—EXAMINATION—REFRESHING RECOLLECTION.

In assumpsit to recover for the manufacture of pumps pursuant to contract, an officer of plaintiff corporation could refresh his recollection in testifying as to work done and material furnished from memoranda made up from cards upon which plaintiff's workmen made entries in the usual course of business, showing the work and materials used, from which cards witness made entries during the progress of the work.

2. CONTRACTS—DEFINITION.

A contract is an agreement between two or more persons to do or not to do a particular thing.

3. SALES—"WARRANTY"—DEFINITION.

A warranty is an express or implied undertaking by one of the parties, collateral to the main subject of the contract, whereby he promises or insures that the thing to be done, etc., shall be of the kind or quality stipulated.

4. SALES—WARRANTIES—BREACH—OFFER OF SELLER.

If plaintiff contracted to manufacture air pumps for defendant under a warranty that they would have a certain pressure, but they failed to make such pressure when attached to defendant's system, because of defects in the system, plaintiff may recover for labor done and material furnished.

5. SALES—ACTION FOR PRICE—DAMAGES.

In assumpsit for material furnished and labor done in making pumps pursuant to contract for their manufacture, the seller could recover such amount as would reasonably compensate him for expenditures of labor and materials in making them.

6. SALES—WARRANTIES—BREACH.

If pumps, agreed to be manufactured by plaintiff for defendant, failed to give a certain pressure when used, as warranted by plaintiff, plaintiff could not recover in assumpsit for the value of the work and material furnished, except such sum, if any, as the pumps were worth to defendant, notwithstanding their failure to conform to the warranty.

(*June* 6, 1911.)

Statement—Charge.

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Harry Emmons* for respondent.

*Frank L. Speakman* and *Reuben Satterthwaite, Jr.*, for appellant.

Superior Court, New Castle County, May Term, 1911.

APPEAL (No. 64, November Term, 1910) from a judgment of a justice of the peace. Action of assumpsit for materials furnished and work done under an agreement between the plaintiff and the defendant for making three air pumps containing pursuant to plans a certain number of cylinders of specified dimensions with an air pressure of seventy-five pounds to the square inch, no specific amount or price therefor being agreed upon.

At the trial, an officer of the plaintiff corporation was handed a paper and was asked by counsel to refresh his memory from it and state from his memory so refreshed, the amount of work and material done and furnished by the plaintiff in connection with the building of three air pumps for the defendant, which were the subject of the suit.

This was objected to by counsel for defendant on the ground that the paper was not such a document as the plaintiff could use in refreshing his recollection.

After eliciting certain facts from the witness, which appear in the opinion, the court overruled the objection as follows:

WOOLLEY, J.:—The court understand that the data upon the paper offered, was gathered from cards upon which the plaintiff's workmen made entries in the usual course of the business of this machine company, showing work done and materials used, from which cards the witness, as an officer of the plaintiff, made his own entries upon the paper now before him, all of which was done during the progress of the construction of the pumps. Therefore, we think the witness may refresh his memory from the paper, and thereafter testify as to the amount of labor done and materials furnished by the plaintiff corporation.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit, instituted by the Modern Machinery Company, the plaintiff, to recover

from Clifton A. Perkins, the defendant, the sum of one hundred and ninety-five dollars and eighty-seven cents, with interest thereon from the first day of January, 1910, upon a claim for materials furnished and work done pursuant to a certain contract made between them. The issue in this action had its origin in the difference of views entertained by the parties thereto with respect to the terms of the contract, and is now submitted to you for your determination under the evidence and upon the law as the court will instruct you.

It is claimed by the plaintiff that at the special instance and request of the defendant, and pursuant to plans which were approved by him, it promised to make and did make for the defendant three air pumps containing a certain number of cylinders of specified dimensions and having an air pressure of seventy-five pounds to the square inch; that no specific amount was agreed upon as the price to be paid therefor, but that the plaintiff engaged to charge and the defendant to pay a reasonable amount for the materials consumed and the labor bestowed upon the pumps in their manufacture.

The defendant claims that he ordered the pumps to be made by the plaintiff for use upon his patented system for raising water, known as "air water lifts" that the plaintiff well knew the purpose for which the pumps were intended, and in addition to agreeing to make them of a certain number of cylinders of specified sizes, specially warranted that when connected with the air tanks of his apparatus and operated in connection with his system, they would produce in the tanks an air pressure of sixty pounds and upwards at the rate of one and one-half pounds and upwards per minute; that when installed and operated, the pumps failed to produce the pressure in the quantity and at the rate so warranted, and as a consequence the defendant expended and lost certain sums of money that in the aggregate exceeded the amount for which the plaintiff is suing in this action.

The plaintiff admits that it knew the pumps were ordered for the purpose of being used on the air water lift system of the defendant, but denies that it made any warranty in respect to the pumps or the effective character of their operation, other than

they should have a pressure of seventy-five pounds to the square inch, which it maintains, they possessed.

[2]   In legal contemplation a contract is an agreement between two or more parties to do or not to do a particular thing. In the case before you, the particular thing to be done was the building of pumps and the payment therefor.   [3] A warranty is an express or implied undertaking by one of the parties, collateral to the main subject of the contract, whereby he promises or insures that the thing to be done shall be of the kind or quality stipulated.   In the case before you, the plaintiff claims he warranted pumps with a pressure of seventy-five pounds and kept his warranty by supplying pumps with that capacity, and the defendant claims that the plaintiff warranted pumps with a pressure of sixty pounds and upwards to be made at the rate of one and one-half pounds and upwards per minute and broke its warranty by supplying pumps of a much less capacity.

[4, 5]   If in this conflict of evidence you find that the plaintiff's warranty was simply that the pumps should have a pressure of seventy-five pounds, and if you further find that the pumps when delivered did in fact have the pressure so warranted, your verdict should be for the plaintiff, or if you find the plaintiff's warranty to be as last stated and a failure of the pumps to make a pressure of seventy-five pounds when attached to the defendant's system was due to defects or leaks in the system, and not due to any deficiency of their own, then likewise your verdict should be for the plaintiff, and in either instance for an amount that would reasonably compensate it for its expenditure of labor and material in designing and making the pumps in question.

[6]   If, however, you find that the plaintiff warranted a pressure of sixty pounds and upwards at the rate of one and one-half pounds and upwards per minute, upon a tank of the dimensions shown to and known by the plaintiff, and if you find from the evidence that, when the pumps were attached to tanks of the size and dimensions indicated to you, they failed because of their own defects to show the pressure capacity and rate warranted, your verdict should be for the defendant, unless indeed you find that, notwithstanding their failure to perform as warranted, the

pumps are still of some value to the defendant, and in that case your verdict should be for the plaintiff for such a sum as from the evidence you find the pumps reasonably to be worth.

Verdict for plaintiff.