314 F.2d 618
 Isadore BLAU, a stockholder of Air-Way Industries, Inc., suing on behalf of himself and all other stockholders similarly situated and on behalf of and in the right of Air-Way Industries, Inc., Plaintiff-Appellant,
v.
Edward LAMB, Frank C. Oswald, Edward Lamb Enterprises, Inc., and Air-Way Industries, Inc., Defendants-Appellees.
 No. 251.
 Docket 27238.
 United States Court of Appeals Second Circuit.
 Argued March 7, 1963.
 Decided March 8, 1963.
 
 Morris J. Levy, New York City, for plaintiff-appellant.
 Jerome M. Stember, of Stember & Dershowitz, New York City (J. Eugene Farber, Toledo, Ohio, on the brief for defendant-appellee Air-Way Industries, Inc.), for defendants-appellees.
 Peter A. Dammann, Gen. Counsel, David Ferber, Associate Gen. Counsel, and John A. Dudley, Atty., Securities and Exchange Commission, Washington, D. C., for Securities and Exchange Commission amicus curiae.
 Before CLARK, WATERMAN, and KAUFMAN, Circuit Judges.
 CLARK, Circuit Judge.
 
 
 1
 The district court summarily dismissed the plaintiff's action to recover "short swing" profits under the Securities Exchange Act of 1934, § 16(b), 15 U.S.C. § 78p(b), for the benefit of Air-Way Industries, Inc., because it held him not to be the bona fide owner of securities of the corporation at the time the action was brought, and hence not the real party in interest. It was not disputed that some time before the action was instituted, the plaintiff had bought 100 shares on his margin account with a broker, that the broker asked for increase of margin of $470, which plaintiff paid, and that the broker then credited Blau as the owner in the statements issued monthly, and also credited him with a stock dividend paid by the corporation and with cash dividends as they were received. The stock remained in the broker's name, or in "street name" as it is called, until transferred to Blau before the trial on settlement of the account. During all this time the broker accepted Blau as owner, and it is not questioned that this he was legally obliged to do. The court, however, sought to determine the beneficial ownership of the stock and held unbelievable Blau's own testimony that he had cash funds adequate to pay the account, noting the lack of any bank accounts or signs of wealth beyond Blau's own statement. So it concluded that Blau was actually holding the stock as nominee for someone undisclosed, and hence was not the real party in interest.
 
 
 2
 We think the court took an unduly technical view of the requirement of ownership, thus defeating the remedial purposes of the statute which have been stressed ever since the leading case of Smolowe v. Delendo Corp., 2 Cir., 136 F. 2d 231, 148 A.L.R. 300, cert. denied Delendo Corp. v. Smolowe, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446. It is well settled that, since recovery is for the corporation, it is the real party in interest and the stockholder plaintiff is but "the mere vehicle of recovery." Magida v. Continental Can Co., 2 Cir., 231 F.2d 843, 848, cert. denied Continental Can Co. v. Magida, 351 U.S. 972, 76 S.Ct. 1031, 100 L.Ed. 1490. The statute provides that suit to recover such profit may be brought "by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer" if the latter fails to sue within 60 days after request (as it had here). Sec. 16(b) supra. This inclusive language is to be contrasted with the reference made in subd. (a) to "the beneficial owner of more than 10 per centum of any class of any equity security" who is one of those held liable to pay such profits to the corporation (the others being the officers or directors). The inference that here "owner" is not limited to "beneficial" owner seems clear. Since "owner" is a word having a variety of meanings, with its significance varying according to the context and the subject matter with which it is used, cf. Blumenfeld v. United States, 8 Cir., 306 F.2d 892, 899, 900, the broader meaning here is better suited to carry out the remedial purpose of the statute and to enforce the fiduciary nature of the plaintiff's position as to the corporation. Thus we agree with the view taken by the Securities and Exchange Commission in its helpful brief amicus curiae.
 
 
 3
 It is to be noted that this interpretation not only furthers the statutory purpose, but is also the one usual in defining the real party in interest. A defendant who raises this defense (and it is a matter of defense to be raised only by affirmative allegation, Clark, Code Pleading 208, 2d Ed. 1947) is entitled only to show that the plaintiff has not such right as to afford the protection of res judicata when the suit is terminated. Thus a defendant is not a vicarious defender for the entire world, but must rest on his own right. "Since the claim is owned and may be sued upon by someone, all a defendant may properly ask is such a party plaintiff as will render the judgment final and res adjudicata of the right sued upon." Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406, 407. This of course is even more in point when the corporation is the real party in interest and its right continues, whatever the vicissitudes affecting its temporary protagonist. The court's view that Blau was acting for some nominee has no support whatsoever in the evidence; at best it is only a guess, however shrewd a guess it may be. But that fact, if true, would have no bearing here, since Blau obviously had sufficient indicia of ownership to protect his right under the statute and the usual construction of F.R. 17(a), the real-party-in-interest rule. See Clark, Code Pleading 158-161 (2d Ed. 1947).
 
 
 4
 The decision must therefore be reversed and the action remanded for a trial on the merits.