Joel KATZ and International Magazine Serv-
ice of Delaware, Inc., Appellants,

v.

EXCLUSIVE AUTO LEASING, INC.,
Appellee.

Superior Court of Delaware,
New Castle.

Sept. 22, 1971.

David Roeberg, Wilmington, for appellants.

Frederick Knecht, Jr., Wilmington, for appellee.

### OPINION

MESSICK, Judge.

On December 23, 1968, Exclusive Auto Leasing, Inc., appellee, plaintiff below, sold and assigned ninety auto lease contracts then outstanding to Mainline Fleets, Inc. One of the contracts concerned a 1968 Cadillac De Ville convertible leased by Joel Katz and International Magazine Service of Delaware, Inc., appellants, defendants below, for a period of two years at $185.00 per month. The contract was executed on July 29, 1968. Appellee alleged that ap-

pellants made the monthly payments in accordance with the lease for fourteen months. Thereafter, appellants returned the Cadillac to Mainline Fleets, Inc. on October 4, 1969, and made no further payments. Appellee sued for the ten remaining installments plus interest. The Court of Common Pleas for New Castle County found for appellee in the sum of $1,850.00 plus interest from October 4, 1969. Appellants have brought this appeal pursuant to 10 Del.C. § 1373.

Appellants base their appeal on seven grounds, only three of which will be discussed. Appellants first contend that appellee is not the real party in interest under Rule 17(a), Ct.Com.Pleas Civ.R., Del.C. Ann., and that Mainline Fleets, Inc. is the real party.

Real party in interest is a matter of defense to be raised by affirmative allegation. Blau v. Lamb, 314 F.2d 618 (2nd Cir. 1963). Appellants in the instant case raised the matter in the pleadings by affirmative defense. They did not, however, raise the matter at trial either by way of objection or by way of formal proof. In order to avail himself of the defense of real party in interest, the defendant has the burden of proof of showing that the plaintiff has not such a right as to afford the protection of res judicata when the suit is terminated. Blau, *supra*; Rosenblum v. Dingfelder, 111 F.2d 406 (2nd Cir. 1940). Defendant may waive the defense of real party in interest by failing to claim it. McLouth Steel Corp. v. Mesta Machine Co., 116 F.Supp. 689 (D.C.Pa.1953), affm'd other grounds 214 F.2d 608 (3rd Cir. 1954), cert. den. Hartford Acc. & Indemnity Co. v. Foster, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687; Fox v. McGrath, 152 F.2d 616 (2nd Cir. 1945), cert. den. 327 U.S. 806, 66 S.Ct. 966, 90 L.Ed. 1030; Rosenblum, *supra*. Appellants having failed to present their defense to the Court have waived their right to it.[1]

---

1. Had the matter properly been raised below, however, it is nevertheless possible that appellee might again prevail. Under

10 Del.C. § 3902, the General Assembly altered common law pleadings to allow an assignee of a contract to sue upon

Appellants next allege that the court below erred in refusing counsel for the appellants the right to question witness Haisfield concerning disposition of the leased automobile after its return to Mainline Fleets, Inc. Appellee contends that the law of landlord-tenant applies and that the lessor need only lie idle and collect his rent. Although the document by which appellants leased the automobile from appellee described the parties as lessor and lessee, the law of landlord-tenant does not necessarily apply. A real property lease is a contract whereby one person divests himself of and another party takes possession of lands for a term, whether long or short. Timmons v. Cropper, 40 Del.Ch. 29, 172 A.2d 757 (1961). The law of landlord-tenant, therefore, does not apply to the lease of a motor vehicle. Rather, in the view of the Court, contract law and contract damages must be applied to the instant relationship.

Under the common law of contracts the measure of damages has always been tempered by the rule requiring the injured party to minimize his losses, although the party causing the breach would pay for the cost of minimizing the injury. Wise v. Western Union Telegraph Co., 37 Del. 209, 181 A. 302 (1935). An additional rule regarding damages which may be considered as a corollary under certain circumstances is as follows:

"Gains made by an injured party on other transactions after breach are never to be deducted from damages otherwise receivable, unless such gains could not have

been made had there been no breach." 5 Corbin on Contracts, § 1041 at p. 256.

These two rules taken together, clearly indicate that the appellants were entitled to know what steps appellee had taken to minimize the injury and also whether their breach had caused appellee to make any gains.[2] Added to these areas of investigation is the matter of determining the amount to be deducted from damages for money saved on depreciation, automobile insurance, motor vehicle registration, and repairs. Cement Distributors, Inc. v. Western Aggregates, 68 Wash.2d 640, 414 P.2d 789 (1966); Hanz Trucking Inc. v. Harris Bros. Co., Crestline Div., 29 Wis.2d 254, 138 N.W.2d 238 (1965). Inquiry into these matters would ordinarily require a remand for hearing on damages.

A remand for further hearing will be unnecessary however, due to the validity of the third ground for appeal pressed by appellants.

Appellants contend that the court below erred in not striking the testimony of Richard Haisfield, President of Mainline Fleets, Inc., with respect to the amount owed on the claim. The trial record indicates that Mr. Haisfield was aware of the accounts receivable procedure of Mainline Fleets, Inc. and that although he did not personally record money received, an accounts receivable clerk was employed. It further indicates that the witness, while on the stand, held a recent "tear sheet" record for appellants' payments, but that appellee never offered it in evidence. The witness stated from memory, having looked at the com-

it in his own name. Nothing in the legislative history of the statute or Delaware case law has forbidden the assignor to maintain the suit in his own name. In short, the common law party pleading in this type of action has never been abolished. See Italo-Petroleum Corp. of America v. Hannigan, 40 Del. 534, 14 A.2d 401 (1940); Rissman v. Krenn & Dato Const. Co., 22 Del.Ch. 309, 2 A.2d 128 (1938); Garford Motor Truck Co. v. Buckson, 34 Del. 103, 143 A. 410

(1927); Continental Guaranty Corp. v. People's Bus Line, Inc., 31 Del. 595, 117 A. 275 (1922).

2. Although the record is unclear, there is some indication that the automobile was sold by appellee. This fact would raise the matter of appellants' breach causing the gain. See discussion in Wired Music, Inc. v. Clark, 26 Ill.App.2d 413, 168 N.E. 2d 736 (1960).

pany accounts on a prior date, that appellants had failed to make the final ten monthly payments. Appellee made no attempt to lay a foundation for the utilization of the ledger card as refreshed recollection. No other evidence of appellants' debt was admitted.

 Hearsay evidence is testimony in court or written evidence of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein and thus resting for its value upon the credibility of the out of court asserter. McCormick on Evidence (1954 Ed.) § 225, at p. 460. In the instant case the witness testified as to what the records of his company showed with respect to appellants' debt. This was an assertion, the value of which rested on the credibility of the company records. Consequently, the testimony of the witness was hearsay.

The evidence as to appellants' debt could have been admitted under the business records exception to the hearsay rule. Under the Uniform Business Records as Evidence Act, 10 Del.C. § 4310, the president of a company may testify as to the identity of a record and whether it was made in the regular course of business. But it does not say that the party attempting to utilize the record need not have it admitted. The Act clearly anticipates the record being admitted. Appellee did not admit the record.

Appellee contends that it was unnecessary to admit the "tear sheet" record since the witness used the record to refresh his recollection. Assuming *arguendo* that the information from the record could have been stated by refreshed recollection, a certain foundation must be laid for a party to avail himself of the benefits of the rule. In Delaware the moving party must specifically ask the witness to refresh his recollection. Terry v. American Fruit Growers, Inc., 3 W.W.Harr. 497, 33 Del. 497, 139 A. 259 (1925); Modern Machinery Co. v. Perkins, 26 Del. 127, 80 A. 1060

(1911). Since appellee did not lay a proper foundation it may not rely on the rule.

It is therefore concluded that appellee, not having moved for admission of the "tear sheet'" record, must suffer the testimony of its witness to be struck on hearsay grounds. Since no other evidence of the debt was admitted, appellee has not proven the debt of the appellants and the case must be dismissed.

It is so ordered.