## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

CEDAR TREE BOOKS LTD.,            )
A Delaware corporation t/a       )
SAVORY SENSATIONS                )
                                 )
        Plaintiff,               )
                                 )
            v.                   )        C.A. No.: CPU4-13-002159
                                 )
SUSHI ROCK, INC., a Delaware corporation, t/a   )
MIKIMOTO'S SUSHI BAR & JAPANESE   )
RESTAURANT, and THE ALE HOUSE, INC.,   )
a Delaware corporation, t/a WASHINGTON   )
STREET ALE HOUSE,                )
                                 )
        Defendants.              )


Submitted:  April 17, 2014
Decided: May 20, 2014

Paul E. Bilodeau, Esquire                James F. Harker, Esquire
1813 North Franklin Street               Nemours Building, Suite 1130
P.O. Box 1677                            1007 North Orange Street
Wilmington, DE 19899                     Wilmington, DE 19801
 *Attorney for Plaintiff*                  *Attorney for Defendant*


### DECISION AFTER TRIAL

This breach of contract action arises out of an agreement between Plaintiff Cedar Tree Books Ltd., t/a Savory Sensations ("Savory Sensations") and Defendants Sushi Rock, Inc., t/a Mikimoto's Sushi Bar & Japanese Restaurant ("Mikimoto's") and The Ale House, Inc., t/a Washington Street Ale House ("The Ale House") (collectively as "Defendants").

Trial was held on March 26, 2014.  At trial, the Court heard testimony from three witnesses: Nicholas L. Cerchio, owner of Savory Sensations, and Joan Stevenson, a former employee of Savory Sensations, testified during plaintiff's case-in-chief.  Darius Mansoory,

owner of Mikimoto's and The Ale House was the sole witness to testify for the defense. Also, documentary evidence was submitted by Savory Sensations. At the conclusion of trial, the Court reserved decision and granted Savory Sensations leave to file an application for attorney's fees. This is the Court's Final Decision and Order.

It is undisputed that an agreement existed between the parties, whereby Savory Sensations created and routinely distributed informational cards for Defendants. It is also undisputed that Defendants breached the agreement by failing to make payments. The Court is called upon to determine at what point Defendants materially breached the agreement and, if Savory Sensations has a duty to mitigate damages.

### FACTS

Nicholas L. Cerchio ("Mr. Cerchio"), the owner of Savory Sensations,[1] testified that Savory Sensations prints informational cards for its clients, which it then distributes to card racks in various locations, primarily hotels. The card racks are refilled as needed, generally once or twice a month. The number of card racks to which distributions are made varies along with fluctuations in the hotel market. Mr. Cerchio, testified that in 2012 Savory Sensations stocked card racks at approximately 48 locations.

Mr. Cerchio testified that in 1999 Savory Sensations entered an agreement with The Ale House and in 2000 it entered an identical agreement with Mikimoto's (collectively as the "Agreement"). Under the terms of the Agreement, Savory Sensations would design and print 25,000 cards at the flat-rate of $800.00, and those cards would be displayed and stocked in the various card racks at a rate of $200.00 per month. The artwork on the cards

---

[1] Mr. Cerchio testified that Savory Sensations is a trade name, registered as a fictitious name.

2

was subject to prior approval before printing. The Agreement called for monthly payments on the first day of each month, and stated that accounts thirty days delinquent would be considered "past due."[2] The Agreement also provided that the contract could be terminated by either party upon 30 days written notice of intent to terminate.[3]

Mr. Cerchio explained that Savory Sensations sent invoices to its clients when the account was current in payments. When an account became past due, a notice accompanied the invoice. Mr. Cerchio testified that monthly payments from Defendants were not always prompt; from 2005 through 2007, payments were generally slow, and from 2008 to 2009 the outstanding balance ran upwards of $1,200.00. According to Mr. Cerchio, when the outstanding balance would accrue, Savory Sensations would contact Defendants by phone to collect payments; however, Defendants ultimately stopped returning their phone calls.

Mr. Cerchio testified that in November 2012, Savory Sensations ran out of cards for both Defendants. At that point, a balance of $1,800.00 remained outstanding on the account for The Ale House, and a balance of $2,000.00 remained outstanding on the account for Mikimoto's. In light of the outstanding balances and the unsuccessful attempts to contact Defendants, Savory Sensations did not print more cards for Defendants when it ran out of cards. Savory Sensations delivered cards for the final time in November 2012.

On cross examination, Mr. Cerchio testified that the demand for the cards in the card racks had decreased over time and, likewise, the need to print new cards diminished in frequency. Both Mikimoto's and The Ale House ordered new cards in July 2006 and again

---

[2] Plaintiff's Exhibit 2.
[3] *Id*.

two years later in August 2008. However, the cards printed in August 2008 lasted over four years, until November 2012.

The second witness to testify was Joan Stevenson ("Ms. Stevenson"), a former employee of Savory Sensations. Ms. Stevenson worked for Savory Sensations in 2012, where she was tasked with refilling the card racks. Ms. Stevenson testified that she restocked the card racks for Savory Sensations in approximately 48 locations at least once a month. The last time she filled the racks was in September 2012, at which point she was running low on cards for Mikimoto's and The Ale House.

The sole witness to testify during Defendants' case-in-chief was Darius Mansoory ("Mr. Mansoory") owner and president of both Mikimoto's and The Ale House. Mr. Mansoory testified that he sees bills as they come into the office, but he did not recall ever receiving a statement identifying his account with Savory Sensations as past-due. According to Mr. Mansoory, he did not receive any written or oral communication indicating that the accounts with Savory Sensation were delinquent. On cross examination, Mr. Mansoory testified that he did have a bookkeeper for some time, and that the bookkeeper did pay bills "sometimes." However, the bookkeeper's employment was terminated due to poor performance, including miss-logging payments. Mr. Mansoory testified that in 2012 he owned and operated a total of five businesses, however, he was hospitalized for a period, which required him to work from home.

At the conclusion of trial, counsel for Savory Sensations requested an opportunity to submit an application and affidavit for attorney's fees. The Court granted Savory Sensations'

request, and afforded counsel for Defendants an opportunity to submit a written response to Savory Sensations application for attorney's fees.

### a. Parties Positions

It is the position of Defendants' that its failure to make payments commencing in 2012 constituted a breach of the Agreement, which triggered a duty to mitigate damages on the part of Savory Sensations. Defendants contend that Savory Sensations failed to mitigate damages by continuing to deliver the cards at a monthly fee, and thus Defendants are not liable for the amount of damages sought by Savory Sensations. It is the position of Savory Sensations that, in light of Defendants lengthy history of late but ultimately effectuated payment, Defendants' behavior did not put Savory Sensations on notice of a material breach of contract and, therefore, Savory Sensations was not under any duty to mitigate when Defendants failed to make timely payment in 2012.

## DISCUSSION

### a. Plaintiff's Claim and Duty to Mitigate Damages

To prevail on a claim for breach of contract, the plaintiff must prove, by a preponderance of the evidence, that: (1) a contract existed between the parties; (2) breach by defendant of an obligation imposed by the contract; and (3) damages to plaintiff resulting from that breach.[4]

It is undisputed that an agreement existed between the parties. It is also undisputed that Defendants failed to make payments for services rendered, as required by the

---

[4] *VLIW Technology, LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del. 2003); *Gregory v. Frazer*, 2010 WL 4262030, *1 (Del. Com. Pl. Oct. 8, 2010).

5

Agreement. The sole question before the Court is whether Savory Sensations was obligated to mitigate its damages and, if so, to what degree must damages be offset.

Under the common law of contracts, the amount of damages is attenuated by the rule that the injured party must minimize his losses.[5] Once a material breach of contract occurs, a duty is imposed on the non-breaching party to mitigate damages.[6] Whether a breach is material is a fact-specific determination which requires "weighing the consequences in the light of the actual custom of men in the performance of contracts similar to the one that is involved in the specific case."[7]

Defendants' consistent pattern of late payment did not suddenly culminate in a material breach of the Agreement in 2012. The Agreement called for payment of monthly services on the first day of each month. The Agreement did not contain any provision suggesting that late payment constituted a default; in fact, the Agreement only stated that accounts delinquent for 30 days were considered "past due." The language of the Agreement does not indicate that late payment constituted a material breach.[8] Furthermore, the history of business between the parties suggests that Defendants' failure to make timely payment was not a material breach of the Agreement. Throughout their business relationship, Defendants routinely made late payments to Savory Sensations, and those late payments were never treated as a breach of the Agreement by either party. Accordingly, the

---

[5] *Katz v. Exclusive Auto Leasing, Inc.*, 282 A.2d 866, 868 (Del. Super. 1971).

[6] *Lowe v. Bennett* 1994 WL 750378, at *4 (Del. Super. Dec. 29, 1994).

[7] *Eastern Elec. and Heating, Inc. v. Pike Creek Professional Center*, 1987 WL 9610, at *4 (Del. Super. April 7, 1987) (citation omitted).

[8] *See Word v. Johnson*, 2005 WL 2899684 (Del. Ch. Oct. 28, 2005) (finding that the agreement was silent as to whether late payment constituted a material breach, the court declined to "imply any agreement . . . that a mere late payment was to be treated as a material breach of the contract").

Court finds that Defendants' failure to make monthly payments did not constitute a material breach of the Agreement.

Once late payment developed into non-payment, Savory Sensations did mitigate damages. Unable to reach Defendants, Savory Sensations did not print more cards at an additional expense to Defendants, and monthly delivery services ceased. Therefore, the Court finds that at the point Savory Sensations was under an obligation to mitigate damages, it took appropriate steps to minimize its losses. Accordingly, there is no basis to offset the amount of damages sought by Savory Sensations.

**b. Attorney's Fees**

In its application and affidavit for attorney's fees, Savory Sensations seeks compensation in the amount of $5,350.80, for attorney's fees incurred in this litigation. As a basis for an award of attorney's fees, Savory Sensations points to the Agreement which states:

> Advertiser and/or its agency agrees to pay any and all costs that may be deemed necessary to collect and monies due and payable including but not limited to all collection fees and reasonable attorney fees.

Defendants argue that an award of attorney's fees is not warranted because Savory Sensations failed to mitigate damages. Defendants suggest that, had Savory Sensations "provided notice of the default and properly calculated its damages, litigation may have been avoided."

Delaware follows the "American Rule"[9] requiring each litigant to pay his or her own legal fees "unless clearly provided for by statute or contract."[10] In determining whether attorney's

---

[9] *TransSched Systems Ltd. v. Versyss Transit Solutions, LLC*, 2012 WL 1415466, at *1 (Del. Super. March 29, 2012) (citing *Maurer v. International Re–Insurance Corp.*, 95 A.2d 827, 830 (Del. Ch.1953)).

[10] *Honaker v. Farmers Mut. Ins. Co.*, 313 A.2d 900, at 904 (Del. 1973).

fees are reasonable, the Court considers the following eight factors set forth in Rule 1.5 of the

Professional Rules of Conduct:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the service; and (8) whether the fee is fixed or contingent.[11]

The Agreement expressly calls for recovery of reasonable attorney's fees in the event

of collection. Defendants' argument that attorney's fees are not appropriate because Savory

Sensations failed to mitigate damages is inapposite. Savory Sensations was under no duty to

mitigate the damages it seeks to recover. The Court finds that Savory Sensations is entitled

to reasonable attorney's fees as provided for in the Agreement.

The Court finds $4,995.00 to be a reasonable award of attorney's fees under the

circumstances.[12] This action was commenced nearly nine months prior to trial, and involved

counsel's representation in all filings and proceedings leading up to and including the trial. In its

application and affidavit for attorney's fees, Paul E. Bilodeau, Esquire, attorney for Savory

Sensations, states that he billed Savory Sensation over 27 hours of time at a rate of $185.00 per

hour. The Court finds Mr. Bilodeau's hourly rate and number of hours expended on this case to

be reasonable.

---

[11] *Atterol, Inc. v. Wingart,* 2005 WL 3073582 at *1 (Del. Com. Pl. June 9, 2005).

[12] This figure is calculated on Mr. Bilodeau's representation that he billed 27 hours at a rate of $185.00 per hour.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1) Judgment is hereby entered in favor of Plaintiff Savory Sensations and against Defendant Sushi Rock, Inc., t/a Mikimoto's Sushi Bar & Japanese Restaurant in the amount of $ 2,000.00;

2) Judgment is hereby entered in favor of Plaintiff Savory Sensations and against Defendant The Ale House, Inc., t/a Washington Street Ale House in the amount of $1,800.00, and;

3) Based upon the contractual agreement, the Court awards against Defendant Sushi Rock, Inc., t/a Mikimoto's Sushi Bar & Japanese Restaurant and Defendant The Ale House, Inc., t/a Washington Street Ale House jointly and severally attorney's fees incurred by Savory Sensations in the amount of $4,995.00.

4) Judgment is also entered for Savory Sensations costs and post-judgment interest at 5.7%, until paid.

**IT IS SO ORDERED this 20th day of May, 2014.**

_____

**Alex Smalls, Chief Judge.**